**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| **TERESA K. BERRY**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**SAC FINANCE INC. a/k/a SUPERIOR AUTO**<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:26-cv-512<br><br><br><br><br>**<u>FLSA COLLECTIVE ACTION COMPLAINT</u>** |

***FLSA COLLECTIVE ACTION COMPLAINT FOR DAMAGES***

Plaintiff Teresa K. Berry ("Berry" or "Plaintiff"), individually and on behalf of all others similarly situated, for her Complaint against Defendant SAC Finance Inc. a/k/a Superior Auto ("Defendant"), states and alleges as follows:

**<u>INTRODUCTION</u>**

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of herself or themselves and other employees similarly situated." Plaintiff brings this case individually and on behalf of other "similarly situated" persons who may join this case pursuant to §216(b) (the "Opt-Ins").

**<u>JURISDICTION AND VENUE</u>**

3. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant employed Plaintiff in this District and Division and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and Division.

## PARTIES

5. Plaintiff is an adult individual residing in Terre Haute, Vigo County, Indiana. Plaintiff was employed by Defendant as an account representative from some time in 2020 until the date of Plaintiff's wrongful termination on May 20, 2026. Plaintiff first worked at Defendant's Brazil, Indiana location. She last worked at Defendant's Terre Haute, Indiana location.

6. Within the three years preceding the filing of this Action, Plaintiff was employed by Defendant as a non-exempt employee who was paid on an hourly basis.

7. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

8. At all relevant times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

9. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

11. Plaintiff will contemporaneously file her own written Consent to Join this Action after her Complaint is filed.

## FACTUAL ALLEGATIONS

12. Defendant sells automobiles and provides financing to customers. On its website, Defendant describes itself as having 71 locations in the States of Indiana, Michigan, Ohio and

Kentucky. Defendant is believed to be headquartered at 6642 Saint Joe Road, Suite 100, Fort Wayne, Indiana 46835.

**Regular Rate Facts**

13. Throughout her employment with Defendant, Plaintiff was a non-exempt employee who was compensated by Defendant on an hourly-paid basis. At the time of her termination, Plaintiff's base hourly rate of pay was believed to be $15.31 per hour. During her employment with Defendant, Plaintiff regularly worked significant overtime hours (in excess of forty hours in a seven day work week).

14. When Defendant paid Plaintiff overtime compensation, it failed to include other categories of wages Defendant called 1) "Sales Incen," 2) "Collection," 3) "Spiff" and 4) "Adjustment" in Plaintiff's regular rate of pay and, in so doing, failed to include those categories of wages in the calculation of Plaintiff's overtime rates of pay. This resulted in Defendant's failure to pay Plaintiff her overtime wages at her full overtime rate of pay.

15. Defendant's failure to include earned categories of wages it called 1) "Sales Incen," 2) "Collection," 3) "Spiff" and 4) "Adjustment" in Plaintiff's and all of her similarly situated account representative coworkers' regular rates of pay, resulted in the underpayment of Plaintiff and her similarly situated coworkers' overtime compensation in corresponding weeks, causing systematic and class-wide violations of the FLSA. Plaintiff will provide additional details about each category of wages in the paragraphs below.

16. Throughout much of her last three years of employment with Defendant, Plaintiff was paid additional, earned wages in categories Defendant called 1) "Sales Incen," 2) "Collection," 3) "Spiff" and 4) "Adjustment." The 1) "Sales Incen," 2) "Collection," 3) "Spiff" and 4) "Adjustment" wages were promised before the work was performed, were not discretionary payments, were definitely wages paid to induce Plaintiff and other similarly

situated employees to work more steadily and efficiently, and were certainly wages paid as consideration for certain specific employee behavior. These 1) "Sales Incen," 2) "Collection," 3) "Spiff" and 4) "Adjustment" wages were a lesser component of Plaintiff's compensation.

17. Defendant did not include Plaintiff's 1) "Sales Incen," 2) "Collection," 3) "Spiff" and 4) "Adjustment" wages in its computation of Plaintiff's overtime wages. This same failure was true for every other of Defendant's employees paid in the categories called 1) "Sales Incen," 2) "Collection," 3) "Spiff" and 4) "Adjustment." Specifically, Defendant did not include Plaintiff's 1) "Sales Incen," 2) "Collection," 3) "Spiff" and 4) "Adjustment" wages in its calculation of her regular rate of pay before calculating her overtime rate of compensation in weeks in which Plaintiff worked more than forty (40) hours, was owed overtime compensation and was also paid the wage Defendant called 1) "Sales Incen," 2) "Collection," 3) "Spiff" and/or 4) "Adjustment." This failure to include 1) "Sales Incen," 2) "Collection," 3) "Spiff" and 4) "Adjustment" in overtime compensation rates is readily seen in the pay stubs Defendant issued to Plaintiff and Defendant's other hourly paid account representative employees.

18. Plaintiff can provide a specific example from 2025. During the pay period from June 22, 2025 to July 5, 2025, Plaintiff worked 100.88 hours. Defendant's pay stub to Plaintiff indicates that 28.88 of those 100.88 work hours were overtime hours during this two week pay period. Plaintiff was paid at her base rate of $15.31 for all 100.88 hours in that two weeks. Plaintiff was paid an additional overtime premium of $7.655 for each of the 28.88 overtime hours. The overall overtime rate Plaintiff was paid by Defendant was $22.965 per overtime hour and was equal to an amount that was one and one-half times Plaintiff's base rate of pay. Plaintiff was also paid additional wages she earned in categories Defendant called "Sales Incen" – for which she was paid an additional $800.00 - and "Adjustment" – for which she was paid an additional $35.74. The "Sales Incen" and "Adjustment" pay provided Plaintiff with additional

earned income of $835.74. This additional earned $835.74 in "Sales Incen" and "Adjustment" pay was not included in Plaintiff's regular rate and, more specifically, was not included in Plaintiff's overtime rate of pay for the 28.88 overtime hours. At a minimum, Plaintiff's regular rate of pay should have been adjusted to $23.59 per hour ($8.28/hour higher) and her overtime rate should have been adjusted to $35.39 per overtime hour ($12.425 per overtime hour higher). In this particular pay period, Plaintiff was underpaid by at least $358.83. With liquidated damages presumptively awarded under the FLSA, Plaintiff will be owed FLSA damages of at least $717.66 for this one pay period.

19. To provide a second specific example from 2024, during the pay period from February 18, 2024 to March 2, 2024, Plaintiff worked 88.40 hours. Defendant's pay stub to Plaintiff indicates that 9.68 of those 88.40 work hours were overtime hours during this two week pay period. Plaintiff was paid at her base rate of $15.31 for all 88.40 hours in that two weeks. Plaintiff was paid an additional overtime premium of $7.655 for each of the 9.68 overtime hours. The overall overtime rate Plaintiff was paid by Defendant was $22.965 per overtime hour and was equal to an amount that was one and one-half times Plaintiff's base rate of pay. Plaintiff was also paid additional wages she earned in categories Defendant called "Sales Incen" – for which she was paid an additional $337.50 – "Collection" – for which she was paid an additional $640.00 - and "Adjustment" – for which she was paid an additional $19.32. The "Sales Incen," "Collection" and "Adjustment" pay provided Plaintiff with additional earned income of $996.82. This additional earned $996.82 in "Sales Incen," "Collection" and "Adjustment" pay was not included in Plaintiff's regular rate and, more specifically, was not included in Plaintiff's overtime rate of pay for the 9.68 overtime hours. At a minimum, Plaintiff's regular rate of pay should have been adjusted to $26.59 per hour ($11.28/hour higher) and her overtime rate should have been adjusted to $39.89 per overtime hour ($16.925 per overtime hour higher). In this

particular pay period, Plaintiff was underpaid by at least $163.84. With liquidated damages presumptively awarded under the FLSA, Plaintiff will be owed FLSA damages of at least $327.68 for this one pay period.

20. This adjustment to her regular rate and her corresponding overtime rate should have been made every week Plaintiff worked overtime hours and was also paid additional wages in categories Defendant called 1) "Sales Incen," 2) "Collection," 3) "Spiff" and/or 4) "Adjustment." Defendant's failure to include the 1) "Sales Incen," 2) "Collection," 3) "Spiff" and 4) "Adjustment" wages in the overtime premium calculation cost Plaintiff and every similarly situated coworker with Defendant overtime compensation on a regular basis. While this one week amount may seem small, this failure to pay overtime in full occurred over many weeks in many years and caused Plaintiff and her coworkers to lose significant overtime wages.

21. Defendant has created a policy and practice whereby it significantly underpays its non-exempt, hourly paid employees overtime compensation by failing to properly include wages Defendant calls 1) "Sales Incen," 2) "Collection," 3) "Spiff" and 4) "Adjustment" in regular rates of pay and by failing to properly calculate overtime hours and overtime rates of pay required by the FLSA.

22. Based upon its long-standing policy and practice of improperly calculating overtime compensation, Defendant has been systematically underpaying its non-exempt, hourly paid employees significant sums of overtime wages on a weekly basis. The aggregate sum of unpaid overtime for all of Defendant's hourly employees is very substantial on a weekly and on an annual basis.

23. Based upon information and belief, particularly when including employee turnover, Plaintiff estimates that Defendant applied its unlawful method of calculating and

paying employees for overtime hours of work in a manner that affects 100 or more employees over a three year period.

24. Defendant has intentionally, knowingly, with reckless disregard and systematically violated Plaintiff's and her similarly situated coworkers' rights to earned overtime through Defendant's unlawful overtime calculation and payment policies.

## COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff bring this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

26. The class that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff herself is a member, is composed of and defined as follows:

> **All current and former employees of Defendant SAC Finance Inc. a/k/a Superior Auto who were were not paid overtime at their full regular rate in one or more week at any time during the three (3) years preceding the date of the filing of this Action to the present and worked more than forty (40) hours in at least one workweek**.

27. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as her own in bringing this action.

28. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively

adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

**COUNT ONE**
**(FLSA Overtime Violations)**

29. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

30. Defendant is an "enterprise" as that term is defined by the FLSA, and Defendant is covered by the overtime and minimum wage provisions of the FLSA. Defendant is an "employer," as that term is defined by the FLSA. Finally, Defendant is a "person" as that term is defined by the FLSA.

31. Defendant committed overtime violations under the FLSA against Plaintiff and all similarly situated hourly paid account representative employees, as earned, regularly paid categories of wages called 1) "Sales Incen," 2) "Collection," 3) "Spiff" 'and 4) "Adjustment" should have been included in employees' regular rates of pay and included in any calculation of overtime compensation due to Plaintiff and each and every similarly situated class member in each and every week in which both overtime compensation and one or more of the 1) "Sales Incen," 2) "Collection," 3) "Spiff" 'and 4) "Adjustment" types of wages were owed or paid.

32. Because it failed to include earned 1) "Sales Incen," 2) "Collection," 3) "Spiff" 'and 4) "Adjustment" wages in its calculation of overtime compensation, Defendant failed to pay Plaintiff and each and every similarly situated coworker at the full and correct overtime rate of pay, as required by the FLSA, in any and all calendar weeks in which Plaintiff and/or every similarly situated coworker worked in excess of forty (40) hours.

33. Additionally, Defendant has repeatedly violated the FLSA's overtime provisions by failing to pay Plaintiff and each similarly situated coworker at full overtime rates of pay for every overtime hour worked.

34. Defendant's failure to comply with the FLSA's provisions regarding overtime compensation has been willful and without justification, and subjects Defendant to a three year statute of limitations.

35. Plaintiff and the Plaintiff Class seek all available damages, including unpaid wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which they may be entitled for Defendant's violations of their rights under the Fair Labor Standards Act.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all persons similarly situated, pray that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendant and in favor of Plaintiff and the Opt-Ins who join this case pursuant to the FLSA;

C. Award Plaintiff and the putative class actual damages for unpaid wages;

D. Award liquidated damages to the maximum amount permitted by applicable law (100% under the FLSA);

E. Award Plaintiff and the Opt-In Class all liquidated damages, statutory damages, attorney's fees, costs and expenses for FLSA violations;

F. Award Plaintiff and the putative class further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/Robert P. Kondras Jr.
Robert P. Kondras, Jr. (18038-84)
**HASSLER KONDRAS LLP**
100 Cherry St.
Terre Haute, IN 47807
Telephone: 812-232-9691
Facsimile: 812-234-2881
Email: kondras@hklawfirmllp.com

*Attorney for Plaintiff*